UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACY L.,

                      Plaintiff,

         v.

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.

_____

**DECISION AND ORDER**

1:18-CV-01250 EAW

## <u>INTRODUCTION</u>

Plaintiff Tracy L. ("Plaintiff") moves for attorney's fees in the amount of $23,848.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 23). The Commissioner of Social Security ("the Commissioner") does not specifically object to the amount that Plaintiff seeks. (Dkt. 26). On February 15, 2022, the Commissioner filed a supplemental response. (Dkt. 27). For the reasons discussed below, the Court grants Plaintiff's motion.

## <u>BACKGROUND</u>

On November 8, 2018, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Dkt. 1). Plaintiff moved for judgment on the pleadings on July 1, 2019. (Dkt. 8). This matter was assigned to the undersigned on October 18, 2019. (Dkt. 13). The Commissioner submitted a response and cross motion for judgment on the pleadings on October 24, 2019. (Dkt. 14). Plaintiff submitted a reply to Commissioner's response and cross motion for judgment on the pleadings on November 14, 2019. (Dkt. 15). On March 13, 2020, the Court granted Plaintiff's motion to the extent

- 1 -

that it remanded the matter to the Commissioner for further administrative proceedings. (Dkt. 16).

By Stipulated Order entered June 29, 2020, the Court approved payment to Plaintiff's counsel of $6,501.81 for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  (Dkt. 22).

Thereafter, the Commissioner issued a fully favorable notice of award on April 30, 2021, in connection with Plaintiff's claims.  (Dkt. 23-6).  A subsequent notice of award letter indicated that $23,848.00 was withheld to pay Plaintiff's representative, which is not greater than 25 percent of Plaintiff's past due benefits.  (*See* Dkt. 23-3 at 3).

On September 30, 2021, Plaintiff timely moved for attorney's fees pursuant to 42 U.S.C. § 406(b).  (Dkt. 23; *see* Dkt. 26 at 2).  The Commissioner filed a response, indicating that the Commissioner does not specifically object to the amount of Plaintiff's counsel's fee request.  (Dkt. 26).  On February 23, 2022, the Commissioner filed a supplemental response addressing the Second Circuit's decision addressing the Second Circuit's ruling in *Fields v. Kijazaki*, 24 F.4th 845 (2d Cir. 2022), which set forth four factors district courts should consider when awarding attorney's fees.  (Dkt. 27).

## DISCUSSION

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)).  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17.  As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for

delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a fee award constitutes a windfall, which would render a § 406(b) fee award unreasonable, the Court considers: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

Here, the requested fee of $23,848.00 represents the amount withheld by the Social Security Administration, which the Commissioner notes is not greater than 25 percent of the statutory cap. (*See* Dkt. 23-3 at 3; Dkt. 26 at 4). Plaintiff states the amount of total expected past-due benefits is $95,392.00 (Dkt. 23-1 at 7), and the Commissioner does not contest this amount. (*See generally* Dkt. 26). There is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. (*See* Dkt. 26 at 5). Counsel provided effective representation. The hours expended by counsel on the case were reasonable in light of the issues presented. The Court recognizes that Plaintiff's counsel achieved particularly good results for Plaintiff, prevailing on a contested motion for judgment on the pleadings. (*See* Dkt. 16).

In this matter, the requested fee would result in a *de facto* hourly rate of $724.86 ($23,848.00 divided by 32.9 hours). (*See* Dkt. 26-1 at ¶ 9). This rate is approximately double counsel's usual hourly rate of $350.00 per hour. (*See* Dkt. 23-2 at ¶ 17). Although courts in this Circuit have held that *de facto* hourly rates above $500 per hour are

unreasonable, *Morris v. Saul*, 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (collecting cases), courts have found to be reasonable rates in excess of the rate counsel seeks in this matter—especially where plaintiffs have prevailed on motions for judgment on the pleadings, *see, e.g.*, *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75 where plaintiff prevailed on motion for judgment on the pleadings). *See also Douglas M. v. Saul*, 17-CV-1187F, 2021 WL 1298491, at *3 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $841.87 where plaintiff prevailed on motion for judgment on the pleadings); *Lucia M. v. Saul*, 15-CV-270F, 2021 WL 1298489, at *4 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $906.76).

Although Plaintiff does not directly address the factors set forth in *Fields*, as the decision was issued several months after Plaintiff filed the instant motion, neither the overall amount nor the hourly rate raises concerns that Plaintiff's counsel would receive a windfall.  In *Fields*, the Second Circuit reversed the district court's decision and order modifying the plaintiff's counsel's application for fees resulting in a *de facto* hourly rate in excess of $1,500.  *See* 24 F. 4th at 851.  The Court notes that the Second Circuit reaffirmed its previous guidance that the windfall consideration ought not "constitute a way of reintroducing the lodestar method[.]"  *Id.* at 854.  Accordingly, the lodestar method cannot be the sole basis for a finding of unreasonableness. *Id.*  The *de facto* hourly rate of $724.89 per hour is well within the reasonable range of fees charged in cases in this District where plaintiffs have obtained favorable awards after contested motions for judgment on the pleadings.  Given the Commissioner's previous denials of Plaintiff's claims, achieving

a favorable determination on Plaintiff's behalf was not assured.  Accordingly, Plaintiff's counsel has not benefited from the "unearned advantage" of immediate success with minimal effort that, the Second Circuit has cautioned, would tend to indicate an impermissible windfall.  *Fields*, 24 F.4th at 856.

Having considered the reasoning in the foregoing cases and the arguments set forth by counsel, the Court concludes that counsel's effective hourly rate of $724.89 per hour is in line with awards generally approved in this District for similar work performed.  Furthermore, the Court is "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'"  *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371).  Accordingly "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)."  *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee.  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. . . .").  The parties stipulated to the amount of $6,501.81, which counsel understands he must refund to Plaintiff.  (Dkt. 23 at 1).

In light of the above, the Court finds the requested fee of $23,848.00 to be reasonable.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's § 406(b) motion for attorney's fees (Dkt. 23) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorney's fees in the amount of $23,848.00, out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $6,501.81 to Plaintiff.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:     May 16, 2022
               Rochester, New York